*JH*

**FILED**

## UNITED STATES DISTRICT COURT    J N
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

OCT 3 1 2007
OCt. 31, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FERNANDO NAVARRETE and
EDUARDO FLORES,

        Plaintiffs,

v.

JQS PROPERTY MAINTENANCE, and
JOSEPH G. CARPENTER, individually,

        Defendants.

07cv6164
JUDGE DARRAH
MAG. JUDGE COLE

### COMPLAINT

    Plaintiffs Fernando Navarrete ("Navarrete") and Eduardo Flores ("Flores"), by and through their attorneys, Caffarelli & Siegel Ltd. And Farmworker Advocacy Project, for their Complaint at Law, complain against Defendants JQS Property Maintenance ("JQS" or the "Company") and Joseph G. Carpenter (collectively "Defendants") as follows:

### NATURE OF ACTION

    1.    This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1 *et seq.* ("IWPCA") for Defendants' failure to pay overtime and other wages to Plaintiffs.

### JURISDICTION AND VENUE

    2.    This Court has jurisdiction of the action under the express provisions of the FLSA, 29 U.S.C. § 216(b), and under 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over the Illinois state law claims pursuant to 28 U.S.C. § 1367.

3. The unlawful employment practices described herein were committed within the State of Illinois, within the venue of the Northern District of Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiffs reside and are domiciled within this judicial district.

5. Plaintiffs are former employees of Defendants.

6. Defendant JQS is an Illinois corporation engaged in the landscaping industry. It performs business within this judicial district.

7. Defendant Carpenter is the President and owner of JQS and is involved in the day-to-day business operations of the Company. Among other things, Defendant Carpenter has the authority to hire and fire employees; direct and supervise the work of employees; sign on the Company's checking accounts, including payroll accounts; and make decisions regarding employee compensation and capital expenditures.

## FACTUAL ALLEGATIONS

8. Plaintiff Navarrete was employed by Defendants from approximately May 16, 2003 through approximately August 25, 2007.

9. Plaintiff Flores was employed by Defendants throughout 2003 and 2004, and worked for Defendants for a short period of time in 2007.

10. Navarrete worked as a supervisor and landscaper. In 2003, he received a regular rate of pay of $8.00 per hour, and received a $1 per hour wage increase each year thereafter. By 2007, Navarrete received a regular rate of pay of $12.00 per hour.

11. Flores worked as a landscaper. In 2003 and 2004 he received a regular rate of pay of $8.00 per hour. In 2007 he worked to receive a regular rate of pay of $10.00 per hour.

12.    Plaintiffs were routinely directed by Defendants to work, and did work, in excess of forty (40) hours per week while in Defendants' employ, and were not paid overtime for hours in excess of forty (40) per work week. In addition, Defendants would often only pay Plaintiffs for forty (40) hours of work, even if Plaintiffs worked more than forty (40) hours in one week.

13.    In some pay periods, Defendants failed to pay Plaintiffs for any of the work completed.

14.    Plaintiffs are entitled under the FLSA and IMWL to one and one half times their regular hourly rate for all hours worked in excess of forty (40) per work week ("overtime").

15.    Plaintiffs are entitled under the FLSA, IMWL, and IWPCA to payment for all hours worked.

16.    During the course of their employment with Defendants, Plaintiffs were not paid at the overtime rate for hours worked in excess of forty (40) per week. Instead, they were paid their regular hourly wage ("straight time") for all hours worked in excess of forty hours per work week, or otherwise were not paid for those hours at all.

17.    Defendants were aware of the obligation to pay employees for all hours worked and to pay employees overtime pay, and intentionally chose not to pay Plaintiffs accordingly. Defendants acted in bad faith in failing to compensate Plaintiffs for the work they performed.

### COUNT I
### Violation of the Fair Labor Standards Act

18.    Paragraphs 1-17 are re-alleged and incorporated as though set forth fully herein.

19.    This count arises from Defendants' violations of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay overtime wages for all time worked in excess of forty (40) hours in individual work weeks, and for their failure to pay Plaintiffs for all hours worked.

20.     Pursuant to 29 U.S.C. § 216(b), this action may be maintained by Plaintiffs who have been damaged by Defendants' failure to comply with 29 U.S.C. § 201 *et seq.* and 29 U.S.C. §251 *et seq.*

21.     Plaintiffs were engaged in job duties and responsibilities integral and indispensable to the operation of Defendants' business, and have been denied proper compensation as required by the FLSA.

22.     At all relevant times, Plaintiffs were "employees" subject to the FLSA, who were not exempt from the maximum hour provisions of the FLSA, 29 U.S.C. § 207.

23.     At all relevant times, Defendants were "employers" subject to the FLSA.

24.     Under the FLSA, Plaintiffs were entitled to be paid for all hours that they worked for Defendants.

25.     Defendants failed to pay Plaintiffs for all hours worked.

26.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked in excess of forty (40) hours, they was entitled to be compensated at a rate of one and one-half times their normal hourly rate of pay.

27.     Defendants failed to pay Plaintiffs overtime pay for all hours worked over forty (40) in one work week, in violation of the FLSA.

28.     Defendants knew their obligations under the FLSA, but deliberately chose not to heed them. Thus, Defendants' failure to pay Plaintiffs for all hours work, and their failure to pay overtime, were intentional violations of the FLSA.

29.     In denying Plaintiffs' compensation for all hours worked and at a rate of one and one-half for time worked in excess of forty hours in a work week, Defendants' acts were not based upon good faith or reasonable grounds.

30. As a direct and proximate result thereof, there is due to Plaintiffs back wages and liquidated damages, pursuant to the FLSA.

WHEREFORE, Fernando Navarrete and Eduardo Flores respectfully request this Court to enter an order as follows:

A. Back pay equal to the amount of all unpaid overtime wages for the three (3) years preceding the filing of this Complaint to the present, according to the applicable statute of limitations;

B. Liquidated damages equal to the amount of unpaid back wages, pursuant to 29 U.S.C. § 216(b);

C. Prejudgment interest with respect to the total amount of unpaid overtime compensation;

D. Reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

E. Such additional relief as the Court deems just and appropriate.

## COUNT II
### Violation of the Illinois Minimum Wage Law

31. Paragraphs 1-30 are re-alleged and incorporated as though set forth fully herein.

32. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the IMWL, 820 Ill, Comp. Stat. 105/4(a).

33. Plaintiffs were employees of Defendants who were not paid overtime wages under the IMWL, 820 Ill. Comp. Stat. 105/1 *et seq.,* during their employment with Defendants. Plaintiffs bring this action pursuant to 820 Ill. Comp. Stat. 105/12(a).

34.    At all relevant times herein, Defendants have been "employers" as defined in the IMWL, 820 Ill. Comp. Stat. 105/3(c), and Plaintiffs were employed by Defendants as "employees" within the meaning of the IMWL, 820 Ill. Comp. Stat. 105/1 *et seq.*

35.    Defendants failed to pay Plaintiffs for all hours worked, including but not limited to the entire two weeks at the end of Navarrete's employment with Defendants, and the entire period of time worked by Flores in 2007.

36.    Pursuant to 820 Ill. Comp. Stat. 105/4(a), for all weeks during which Plaintiffs worked in excess of forty hours, Plaintiffs were entitled to be compensated at one and one-half times their normal hourly rates of pay for their excess hours.

37.    Defendants failed to pay overtime wages to Plaintiffs for all hours worked in excess of forty per work week, at the rate of one and one-half times their regular rates of pay.

38.    Defendants violated the maximum hours provision of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/4(a), by refusing to compensate Plaintiffs at one and one-half times their normal hourly rates of pay for all hours worked in excess of forty hours per week.

39.    Pursuant to 820 Ill. Comp. Stat. 105/12(a), Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Fernando Navarrete and Eduardo Flores respectfully request this Court to enter an order as follows:

A.    Ordering Defendants to make an accounting of all the hours worked and wages paid to the Plaintiffs for the period encompassing three years preceding the filing of this Complaint;

6

B.     Entering a monetary judgment for all back wages due as provided by the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*;

C.     Entering a judgment for prejudgment interest on the back wages in accordance with 815 Ill. Comp. Stat. 205/2 and punitive damages under the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/12a;

D.     Ordering Defendants to comply with the Illinois Minimum Wage Law in the future;

E.     Entering a monetary judgment for reasonable attorney fees and costs of this action as provided by the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/12; and

F.     Such other and further relief as the Court may deem just and equitable.

### COUNT III
### Violation of the Illinois Wage Payment and Collection Act

40.     Paragraphs 1-39 are re-alleged and incorporated as though set forth fully herein.

41.     This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §1367 and venue is proper in this judicial district.

42.     At all relevant times hereto, Plaintiffs worked for Defendants.

43.     At all relevant times herein, Defendants were "employers" as defined in the IWPCA, 820 ILCS 115/1 *et seq.*, and Plaintiffs were "employees" within the meaning of the IWPCA.

44.     Defendants agreed to compensate Plaintiff Navarrete for his work at a rate of $8.00 per hour in 2003, $9.00 per hour in 2004, $10.00 per hour in 2005, $11.00 per hour in 2006, and $12.00 per hour in 2007 – the hourly rates agreed to by the parties.

45.     Defendants agreed to compensate Plaintiff Flores $8.00 per hour in 2003 and 2004, and $10.00 per hour in 2007 – the hourly rates agreed to by the parties.

46.     Defendants failed to compensate Plaintiffs for all hours worked, including but not limited to the entire two weeks at the end of Navarrete's employment with Defendants, and the entire period of time worked by Flores in 2007, in violation of the IWPCA.

47.     Plaintiffs have been damaged by Defendants' failure to pay Plaintiffs for all hours worked.

WHEREFORE, Fernando Navarrete and Eduardo Flores respectfully request this Court to enter an order as follows:

A.      The full amount of unpaid wages and prejudgment interest owed to Plaintiffs by Defendants;

B.      Reasonable attorneys' fees and costs incurred in filing this action; and

C.      Such other and further relief as this Court deems appropriate and just.

Dated: October 31, 2007                    Respectfully submitted,

Marc J. Siegel, #06238100
Lorraine T. Peeters, #06290434             FERNANDO NAVARRETE and
Caffarelli & Siegel Ltd.                   EDUARDO FLORES
Two Prudential Plaza
180 North Stetson Ste. 3150
Chicago, IL 60601
Tel. (312) 540-1230                        By: _____
Fax (312) 540-1231                             Attorney for Plaintiffs

Vincent H. Beckman III #0152803
Farmworker Advocacy Project
220 S. State St., Ste. 1700
Chicago, IL 60604
Tel. (312) 347-7600 x20
Fax (312) 347-7604