UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FERNANDO NAVARRETE and<br>EDUARDO FLORES, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | No. 07 C 6164 |
| v. | )<br>) | Judge John W. Darrah |
| JQS PROPERTY MAINTENANCE and<br>JOSEPH G. CARPENTER, individually. | )<br>)<br>) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT
OF MOTION TO TRANSFER VENUE**

NOW COMES the Defendant, Joseph G. Carpenter, by and through his attorney, James T. Harrison, and pursuant to 28 U.S.C. §1404(a), moves this Honorable Court to transfer venue of the instant action to the United States District Court for the Northern District of Illinois, Western Division. In support of his motion, Defendant Carpenter states as follows:

**I.      INTRODUCTION**

Plaintiffs, Fernando Navarrete ("Navarrete") and Eduardo Flores ("Flores"), have filed a Complaint against Defendants, JQS Property Maintenance ("JQS") and Joseph G. Carpenter ("Carpenter") individually, in the *Eastern Division* of the Northern District of Illinois. Notably the Complaint alleges that "Plaintiffs reside and are domiciled within this judicial district." Complaint, ¶ 4. The Complaint further alleges that "Defendant JQS is . . . . within this judicial district." Complaint, ¶ 6. Both references in the

Complaint to "this judicial district" are referring generally to the Northern District of Illinois.

However, the Northern District of Illinois is further divided into two divisions, the Eastern Division ~ composed of Lake, Cook, DuPage, Kane, Kendall, LaSalle, Grundy and Will counties; and the Western Division ~ composed of McHenry, DeKalb, Boone, Winnebago, Ogle, Lee, Whiteside, Carroll, Stephenson, and Jo Davies counties.

The Defendant Carpenter resides in McHenry County. The Defendant JQS Property Maintenance's principal place of business is in McHenry County. The Plaintiffs each reside in McHenry County and both were employed by the Defendant in McHenry County. Moreover, there are no facts alleged in the Complaint that would make the Eastern Division of the Northern District of Illinois the proper venue for Plaintiffs' lawsuit. Rather, venue is more appropriate in the *Western Division* of the Northern District of Illinois. Accordingly, Defendants bring this motion pursuant to 28 U.S.C. §1404(a) to transfer this action to the Western Division, for the convenience of the parties and witnesses, and because it serves the interest of justice.

## II.    FACTS

At all relevant times, Carpenter lived on Route 14 in the County of McHenry, Illinois. At all relevant times, Carpenter owned and operated JQS Property Maintenance out of his home in McHenry County, Illinois. JQS Property Maintenance performs lawn mowing and snow plowing services. The work performed by the Plaintiffs was performed for Defendant's customers in McHenry County, Illinois, thus all relevant witnesses are located in McHenry County, Illinois. At the time of their employment and at the time of their filing the instant Complaint, both Plaintiffs resided in the City of

Harvard, McHenry County, Illinois. All payroll records relating to Plaintiffs' employment are located at Carpenter's business/residence address in McHenry County, Illinois.

### III. ARGUMENT

28 U.S.C. §1404(a) provides that "for the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under §1404(a), the party seeking transfer must demonstrate that (1) venue is proper in this division; (2) venue is proper in the transferee division; (3) the transferee division is more convenient for both the parties and the witnesses; and (4) transfer would serve the interest of justice. Graham v. United Parcel Service, 2007 U.S. Dist. Lexis 73145 (N.D. Ill. 2007). Defendants can establish all of these things.

### A. Venue is permitted in both the Eastern and Western Divisions.

Because the Northern District has no divisional venue requirement, this case could have been originally filed in either division of the Northern District of Illinois. Graham, 2007 U.S. Dist. Lexis 73145, 14; Simes v. Jackson Nat'l Life Insurance Co. *et al*, 2005 U.S. Dist. LEXIS 21352 (N.D. Ill. 2005). Venue is proper in the Northern District because JQS does business within the district. Complaint, ¶6; *see also* 28 U.S.C. §1391(c). The issue thus becomes whether the Western Division is a more convenient forum and whether the transfer would be in the interest of justice.

### B. The Western Division Is More Convenient.

In determining whether the forum is more convenient and whether the transfer would be in the interest of justice, the court considers the private interest of the parties as

3

well as the public interest of the court. The relevant factors to the parties' private interests include (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the availability of evidence in each forum; and (4) the convenience of the parties in litigating in the respective forums. Avco Corp. v. Progressive Steel Treating Co., 2005 U.S. Dist. LEXIS 22964, 5 (N.D. 2005).

### 1. Plaintiffs' Chosen Forum Should Not Be Given Significant Weight.

A plaintiff's choice of a forum is entitled to less consideration when "'the chosen forum lacks any significant connection with the cause of action.'" Simes v. Jackson Nat'l Life Insurance Co., 2005 U.S. Dist. LEXIS 21352 (N.D. Ill. 2005). In the case at bar, the Eastern Division has no significant connection with the Plaintiffs' cause of action whatsoever. The Eastern Division forum was ostensibly chosen to convenience the Plaintiffs' counsel rather than for the convenience of the parties, the witnesses and the evidence.

### 2. The situs of material events is in the Western Division

McHenry County is the situs of all material events pertaining to the lawsuit and the home county for all of the parties to the lawsuit; consequently, the Western Division is the proper venue for Plaintiff's lawsuit.

### 3. All witnesses are located in McHenry County

The Defendants, both Plaintiffs and Defendant's customers are all located in McHenry County. Upon information and belief, all witnesses with relevant knowledge live in McHenry County and/or the Western Division of the Northern District of Illinois. To the Defendant's knowledge and belief, no relevant witnesses would be from the Eastern Division. Consequently, the Western Division is a more appropriate venue.

### 4. All evidence is in the Western Division

All payroll records are located at Defendant Carpenter's residence/business location in McHenry County. Likewise, Defendant's customers are in McHenry County. Thus, all relevant evidence is likely to be found in McHenry County, Illinois. Here again, the Western Division is the more convenient forum.

### C. Transfer Will Serve the Interest of Justice

In addition to convenience, the Court must also consider the interest of justice. Factors relevant to the interest of justice include (1) the transferor and transferee courts' familiarity with the applicable law; and (2) the effect of transfer on the efficient administration of justice.

Because both divisions of the Northern District are equally familiar with federal and Illinois law, the relevant question is the effect of transfer on the efficient administration of justice. <u>Graham v. United Parcel Service</u>, 2007 U.S. Dist. LEXIS 73145, 18-19 (N.D. Ill. 2007). However, the interest of justice component is given less weight in the case of an intra-district transfer. <u>Avco Corp. v. Progressive Steel Treating, Inc.</u>, 2005 U.S. Dist. LEXIS 22964, 10 (N.D. Ill. 2005). Nevertheless, the efficient administration of justice is served by a transfer of the instant case to the Western Division for several reasons.

### 1. Logistics favor transfer to the Western Division

In deciding the motion, the Court should consider that Defendants Carpenter and JQS reside and/or do business approximately 70 miles from Chicago, Illinois where the Eastern Division is located; the Defendants reside and/or do business approximately 35 miles from Rockford, Illinois where the Western Division is located. The Plaintiffs

themselves reside 75 miles from the City of Chicago and only 30 miles from the City of Rockford. Accordingly, from a logistics perspective alone, venue is more appropriate in the Western Division.

### 2. Reduction of costs favors transfer to the Western Division

All parties and witnesses would be unnecessarily exposed to double the amount of time and twice the expense were the case to remain in Chicago. For example, Defendant Carpenter, the sole proprietor of a lawn mowing and snow plowing business would have to take off more than half of a working day to attend court in Chicago; this would result in an extreme financial hardship to the Defendant.

### 3. Convenience and the efficient administration of justice favor transfer to the Western Division.

Furthermore, all parties and witnesses are from the Western Division, not the Eastern Division. Finally, all evidence is located in the Western Division and the allegations of the lawsuit are connected to the Western Division, not the Eastern Division.

The case has just recently been filed and the Court has not yet ruled on any substantive matter pertaining to the case. No party would suffer any prejudice by the granting of the instant motion. Accordingly, the efficient administration of justice supports the transfer of this case to the Western Division.

## III. CONCLUSION

Because the parties, witnesses and evidence are all located in McHenry County, venue is most appropriate in the Western Division of the Northern District of Illinois, where McHenry County is situated.

WHEREFORE, for all of the foregoing reasons, Defendant Joseph Carpenter respectfully prays this Honorable Court grant his motion to change venue and order the case transferred to the United States District Court for the Northern District of Illinois, Western Division, and for such other and further relief as this Honorable Court deems just and proper.

                                                     Respectfully submitted,

                                                     "s/James T. Harrison"
                                                     Attorney at Law

Harrison Law Offices, P.C.
684 S. Eastwood Drive
Woodstock, IL 60098
(815) 338-7773
(815) 338-7738 (Fax)
Attorney No. 06207020