UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FERNANDO NAVARRETE and<br>EDUARDO FLORES, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | No. 07 C 6164 |
| v. | )<br>) | Judge John W. Darrah |
| JQS PROPERTY MAINTENANCE and<br>JOSEPH G. CARPENTER, individually. | )<br>)<br>) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR A MORE DEFINITE STATEMENT**

NOW COMES the Defendant, Joseph G. Carpenter, by and through his attorney, James T. Harrison, and in support of his motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e), and before interposing a responsive pleading, submits the following memorandum of law:

**Background**

On or about October 31, 2007, Plaintiffs, Fernando Navarrete and Eduardo Flores, filed a three-count complaint in the United States District Court for the Northern District of Illinois. Count I is brought for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"); Count II of brought for alleged violations of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.* ("IMWL"), and Count III is brought for alleged violations of the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1 *et seq.* ("IWPCA"). Plaintiffs' Complaint covers a four-year period of time from 2003 through 2007. Complaint, ¶9.

**Deficiencies in the Complaint**

Specifically, Plaintiffs' Complaint alleges that Plaintiffs were employed by the Defendant over a four-year period spanning from 2003 into 2007.  Complaint, ¶¶ 8, 9.  The Complaint alleges that "*in some pay periods*, Defendants failed to pay Plaintiffs for any of the work completed.  Complaint ¶13. (emphasis supplied).  Plaintiffs' Complaint further alleges that "*during the course of their employment*" Plaintiffs were not paid at the overtime rate for hours worked in excess of forty (40) per week.  Complaint ¶16. (emphasis added).  The Complaint also alleges that Plaintiffs "were *routinely* directed to work … in excess of forty hours a week." (Complaint, ¶12). (emphasis supplied).  Throughout the Complaint, there is a recurrent defect of failing to identify the date(s) of (an) alleged violation(s). See also ¶¶ 25, 33.

Defendant is simply left to guess when the alleged violations are supposed to have occurred, and that is not in keeping with Rule 8(a) or Rule 12(e).  Confronted with the vague allegations of Plaintiffs' Complaint, Defendant cannot respond with even a simple denial in good faith and without risking prejudice to himself.  See: Roland v. Airline Employees Association International, 1985 U.S. Dist. LEXIS 20160 *10 (May 2, 1985).

**Rule 12(e)**

Rule 12(e) of the Federal Rules of Civil Procedure provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.  The motion shall point out the defects complained of and the details desired.  F. R. Civ. P. 12(e).

**Standard**

A motion for a more definite statement will be granted when the pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading.  Herrera v.

Rector, 2004 U.S. Dist. LEXIS 18328, *4 (N.D. Ill. 2004); Hartzer v. Wieland, 1988 U.S. Dist. LEXIS 4815, *4 (N.D. Ill. 1988). In Herrera, 2004 U.S. Dist. LEXIS 18328, *4 (N.D. Ill. 2004), Defendant's motion for a more definite statement was granted pursuant to Fed. R. Civ. P. 12(e) when Plaintiff failed to set forth the times and locations of the events. In Divane v. E. Wilson & Assoc. Inc., 1993 U.S. Dist. LEXIS 16999, *5 (N.D. Ill. 1993), a motion for a more definite statement was granted when the defendant was unable to frame a response, "whether it be to deny the allegations or advance an affirmative defense."

## Argument

In the case at bar, to the prejudice of the Defendant, the Complaint fails to identify the dates *when* the alleged violations occurred (within the four-year period encompassed by the pleadings). For example, the limitations period for Plaintiffs to file claims under the Fair Labor Standard Act is at most, three years. (See 29 U.S.C. §255). The vague allegations of the Complaint fail to notify Defendant whether the alleged conduct is beyond the limitations period. For the Defendant to be able to frame a proper responsive pleading, Defendant must be told when his wrongful action is alleged to have occurred.

Although Defendant concedes the notice pleading standard of Rule 8(a) of the Federal Rules of Civil Procedure, notice to the Defendant must be meaningful. As the court recognized in the case of Park v. Mannheim Automotive Financial Services, Inc., 314 B.R. 378, 384 (N.D. Ill. 2004), "there must be some limit to this "no facts" concept, and that limit is notice." In *this* case, the Complaint is just too vague and ambiguous as to time, such that Rule 8(a) must give way to Rule 12(e). Accordingly, pursuant to Federal Rule 12(e), Defendant asks the Court to require the Plaintiffs to amend their pleadings to identify the dates of the alleged violation(s).

3

Furthermore, the granting of the Defendant's motion for a more definite statement would not result in prejudice to the Plaintiffs. Plaintiffs certified at the time of filing their complaint that their allegations had evidentiary support. See Fed. R. Civ. P. 11. Certainly then, it is not prejudicial to the Plaintiffs to be required to plead the date(s) of the alleged violation(s).

WHEREFORE, for the reasons set forth above, Defendant Joseph G. Carpenter respectfully requests that this Honorable Court grant his Motion for a More Definite Statement and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

"s/James T. Harrison"
Attorney at Law

Harrison Law Offices, P.C.
684 S. Eastwood Drive
Woodstock, IL 60098
(815) 338-7773
(815) 338-7738 (Fax)
Attorney No. 06207020