**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FERNANDO NAVARRETE and EDUARDO FLORES, <br><br> Plaintiffs, <br><br> v. <br><br> JQS PROPERTY MAINTENANCE, and JOSEPH G. CARPENTER, individually, <br><br> Defendants. | No. 07 C 6164 <br><br> Judge John W. Darrah |

**NOTICE OF PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION TO TRANSFER VENUE**

    **PLEASE TAKE NOTICE** that on December 20, 2007, there was filed with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, Plaintiffs' Memorandum in Opposition to Defendants' Motion to Transfer Venue, a copy of which is attached and hereby served upon you.

Dated: December 20, 2007                                    Respectfully submitted,

Marc J. Siegel, #06238100
Bradley Manewith, #06239078
Lorraine T. Peeters, #06290434                              By: /s/ Bradley Manewith
Caffarelli & Siegel Ltd.                                              Bradley Manewith
Two Prudential Plaza
180 North Stetson Ste. 3150
Chicago, IL  60601
Tel. (312) 540-1230
Fax (312) 540-1231

Vincent H. Beckman III, #0152803
Farmworker Advocacy Project
220 S. State St., Ste. 1700
Chicago, IL 60604
Tel. (312) 347-7600 x20
Fax (312) 347-7604

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FERNANDO NAVARRETE and EDUARDO FLORES, | |
| Plaintiffs, | No. 07 C 6164 |
| v. | Judge John W. Darrah |
| JQS PROPERTY MAINTENANCE, and JOSEPH G. CARPENTER, individually, | |
| Defendants. | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION TO TRANSFER VENUE**

Plaintiffs, Fernando Navarrete ("Navarrete") and Eduardo Flores ("Flores"), by and through their attorneys, Caffarelli & Siegel Ltd. and Farmworker Advocacy Project, submit this Memorandum in Opposition to Defendants' Motion to Transfer Venue[1]. For the reasons set forth below, Defendants' Motion to Transfer Venue should be denied.

**INTRODUCTION**

Plaintiffs Navarrete and Flores have filed the instant action to recover unpaid overtime and other wages from their former employers, Defendants Joseph G. Carpenter ("Carpenter") and JQS Property Maintenance ("JQS"). They have brought claims under the Fair Labor Standards Act (FLSA), Illinois Minimum Wage Law (IMWL), and Illinois Wage Payment and Collection Act (IWPCA).

Plaintiffs' choice to bring suit in the Northern District of Illinois, Eastern Division, has been challenged by the Defendants. For the following reasons, Defendants' motion to transfer venue should be denied.

---

[1] Plaintiffs respond to "Defendant's" Motion to Transfer Venue. However, Plaintiffs assume that the Motion was on behalf of both defendants, based on the attorney appearance filed by Mr. James Harrison.

**ARGUMENT**

Pursuant to 28 U.S.C. § 1404(a), "for the convenience of the parties and witnesses, [and] in the interest of justice a district court may transfer any civil action to any other district or division where it might have been brought." However, a transfer is proper only if:

   (1) venue is proper in both the transferor and transferee court;
   (2) transfer is for the convenience of the parties and witnesses; and
   (3) the transfer is in the interest of justice.

The Marvel Group, Inc. v. Modular Interiors, 2002 WL 1052043, No. 01 C 6577 (N.D. Ill., May 24, 2002). Moreover, Defendants Carpenter and JQS have the burden of proving "by reference to particular circumstances, that the transferee court is clearly more convenient." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986). Yet, Defendants have failed to provide any evidence supporting their motion to transfer. Additionally, they have not shown that the Western Division is clearly more convenient. As such, Defendants' motion to transfer venue should be denied.

**I.   DEFENDANTS CARPENTER AND JQS HAVE NOT PROVIDED ANY EVIDENCE IN SUPPORT OF THEIR MOTION**

A party is required to submit affidavits and/or other evidence in support of a motion to transfer venue. Celotex Asbestos Settlement Trust v. Int'l Ins. Co., No. 98 C 8300, 1999 WL 284783, at *3 (N.D. Ill. April 23, 1999). Failure to provide such supporting evidence will result in denial of the motion. See Id.; See also Inno v. Am. Comms. of NYC, No. 04-C-8135, 2005 WL 871198, at *3 (N.D. Ill. April 13, 2005) (motion to transfer denied because defendant failed to provide supporting evidence). Here, Defendants' motion and memorandum are littered with unsubstantiated conclusory statements. Specifically, Defendants have failed to provide any affidavits or other evidence to support their factual assertions in favor of transferring this case to the Western Division of the Northern District of Illinois. Rather, Defendants ask the Court to

grant their motion, based solely on the assertions of Defendants' counsel. As such, Defendants Carpenter and JQS have not met their burden, and their motion to transfer should be denied.

## II.     THE WESTERN DIVISION IS NOT CLEARLY MORE CONVENIENT

The above notwithstanding, even if Defendants had submitted supporting affidavits and evidence, which they did not, Defendants' motion should still be denied. Specifically, a case should only be transferred if the transferee court is clearly more convenient than the transferor court. Clear Channel Outdoor, Inc. v. Rubloff Oakridge Algonquin, LLC, No. 03 C 3063, 2003 WL 22382999, at *3 (N.D. Ill. Oct. 16, 2003). In determining which venue is more convenient, courts weigh both private and public interests. Id. Here, Defendants have failed to demonstrate that the private and public interests clearly favor the Western Division over than the Eastern Division. As such, Defendants' motion should be denied.

### A.     The private interests do not clearly favor the Western Division

"Private interests," which address the convenience of the parties, include:

(1) the plaintiff's choice of forum;
(2) the situs of material events;
(3) ease of access to sources of proof;
(4) convenience to parties; and
(5) convenience to witnesses.

Clear Channel, 2003 WL 22382999 at *3. Here, the private interests do not clearly favor transferring the case to the Western Division. Importantly, Plaintiffs chose to file their Complaint in the Eastern Division of the Northern District of Illinois. Plaintiffs' choice should not be ignored, simply because they reside in the Western Division. Rather, Plaintiffs' choice of forum should be given equal weight as the other factors, and should supersede the preference of the Defendants, who are alleged to have willfully violated Plaintiffs' legal rights.

Additionally, contrary to Defendants' assertion, not all of the material events occurred in McHenry County. (See Def's mem. at 4.) Specifically, Plaintiffs did perform work in Lake County. For example, Plaintiffs often traveled to Wauconda, which is located in Lake County, to purchase supplies for various landscaping jobs. (Navarrete Aff. ¶ 5, attached as Ex. A.; Flores Aff. ¶ 5, attached as Ex. B.) As such, material events occurred within the Eastern Division.

Defendants, in support of their motion, further assert that all evidence is located in McHenry County. (See Def's mem. at 5.) The courts, however, do not specifically consider the physical location of evidence; rather, the courts consider the "ease of access to sources of proof." See Clear Channel, 2003 WL 22382999 at *3. In this matter, evidence takes the form of timekeeping and payroll records. On information and belief, the pertinent records, should they exist in the Defendants' possession, are neither voluminous nor burdensome. Plaintiffs' timekeeping records, for instance, are contained in one bound notebook. As such, transferring venue to the Western Division is no less burdensome than maintaining venue in the Eastern Division, with regard to accessing sources of proof. Defendants' assertions to the contrary are empty and misleading.

Moreover, the Western Division is not more convenient for all of the witnesses or the parties. Specifically, assuming Defendants' assertion that all of their customers are located in McHenry County, which the Court should not do because Defendants failed to provide any supporting evidence, it would still be more convenient for many of the customers to travel to Chicago rather than Rockford. For example, from Cary, where the Plaintiffs performed work, it is approximately forty miles to Chicago, while it is approximately sixty miles to Rockford. (See Navarrete Aff. ¶ 6; Flores Aff. ¶ 6.) Likewise, Chicago is closer for any witnesses residing in McHenry, and is equidistant for those residing in Crystal Lake. Furthermore, all of the witnesses

4

would have the option of using public transportation (i.e. the Metra / Union Pacific District Northwest Line) if the case remains in the Eastern Division, whereas they would be required to drive to Rockford.  Defendants argue that the parties and witnesses will save money if venue is transferred to the Western Division.  (See Def's mem. at 5-6.)  However, given the current price of gasoline, public transportation is likely to be more cost effective.

In light of the above, Defendants have failed to demonstrate that the Western Division is clearly more convenient than the Eastern Division.  Not only have the Plaintiffs chosen to proceed in the Eastern Division, but material events occurred in the Eastern Division, both divisions are equally convenient for the purposes of accessing evidentiary proof, and the Eastern Division is ostensibly more convenient for both Plaintiffs and potential witnesses.  Therefore, Defendants' motion to transfer venue should be denied.

B.     **The public interests do not clearly favor the Western Division**

The "public interests," which address the interests of justice, also do not clearly favor transferring this matter to the Western Division.  In analyzing "public interests," courts examine:

(1) the speed of proceeding;
(2) the court's familiarity with the applicable law; and
(3) the relation of the community to the occurrence and the desirability of resolving the controversy in its locale.

Clear Channel, 2003 WL 22382999 at *3.  As Defendants correctly state, both divisions are equally familiar with federal and Illinois law.  (Def's mem. at 5.)  Moreover, as stated above, material events occurred in both the Eastern and Western Divisions.  Therefore, the only "public interests" to be analyzed are the speed of proceeding and the desirability of resolving the controversy in either division.

### 1. Speed of proceeding does not favor transfer of venue

This matter is unlikely to be processed more quickly if it is transferred from the Eastern Division. Though the number of pending cases in the Eastern Division is presumptively much higher than that in the Western Division, the Eastern Division has more judges, senior judges, and magistrate judges to handle its caseload. Specifically, the Western Division currently has one judge, one senior judge, and one magistrate judge. Meanwhile, the Eastern Division currently has twenty-one judges, twelve senior judges, and ten magistrate judges. As such, processing of this case may be delayed if it is transferred to the Western Division.

Further, a transfer in venue will result in a delayed timeline for initial court appearances and, thus, discovery and trial-related deadlines. It is in the best interests of all parties to resolve this matter as expeditiously as possible. Disputes and delays over venue, when both the Eastern and Western Divisions hold proper jurisdiction over this matter, are detrimental to all parties. Particularly with respect to the Plaintiffs, who allege that Defendants have failed to compensate them for work performed over the course of years, any further delay merely exacerbates the financial hardship already faced by Plaintiffs as a result of Defendants' actions.

Therefore, Defendants' motion should be denied because they have failed to demonstrate that the proceedings will be in any way expedited pursuant to transfer to the Western Division.

### 2. The Public Interest Lies in Resolving the Dispute in the Eastern Division

As addressed above, material events occurred in both the Eastern and Western Divisions of the Northern District of Illinois. However, it is not necessarily in the interest of the community at large – the Northern District of Illinois – to resolve this issue in the Western Division. If resolution in either district were more beneficial to the community at issue, the greater public interest lies in maintaining venue in the Eastern District.

Though Plaintiffs' counsel is located in the Eastern Division, the convenience interests of Plaintiffs' counsel play no part in Plaintiffs' choice of venue, as suggested by Defendants. (See Def's mem. at 4.) Rather, Plaintiffs' choice of venue reflects the interests of the communities served by this type of litigation. Caffarelli & Siegel is co-counsel with the Farmworker Advocacy Project (FAP) in this matter. The FAP is a non-profit organization located in the Eastern Division, that provides legal representation to thousands of primarily Spanish-speaking migrant workers in the Northern District. The population of communities served by the Eastern Division vastly outnumbers that of those served by the Western Division. As such, representation by the FAP in the Eastern Division is in the interest of the larger community serviced by non-profits such as the FAP. The greater public interest is better served by maintaining venue in the division where the majority of the FAP's workers may assist migrant workers in asserting their claims. Moreover, as a non-profit organization, the FAP has limited resources. The public's interest is better served if the FAP is able to use its limited resources in the most efficient manner.

Thus, Defendants' motion should be denied because they have failed to prove that transfer to the Western District better serves the interest of the community, as opposed to maintaining venue in the Eastern District.

## CONCLUSION

The moving party has the burden of demonstrating through specific facts and circumstances that the transferee venue is clearly more favorable than the transferor venue. Defendants have failed to meet their burden because they have not provided any affidavits or other evidence in support of his motion. Likewise, even assuming they did provide the necessary supporting evidence, which they did not, Defendants have not shown that the Western Division

is clearly more convenient than the Eastern Division. Therefore, Plaintiffs respectfully request that this Honorable Court deny Defendants' motion to transfer venue, and award Plaintiffs such other relief as it deems just.

| | |
|---|---|
| Dated: December 20, 2007 | Respectfully submitted, |

Marc J. Siegel, #06238100  
Bradley Manewith, #06239078  
Lorraine T. Peeters, #06290434  
Caffarelli & Siegel Ltd.  
Two Prudential Plaza  
180 North Stetson Ste. 3150  
Chicago, IL  60601  
Tel. (312) 540-1230  
Fax (312) 540-1231  

Vincent H. Beckman III, #0152803  
Farmworker Advocacy Project  
220 S. State St., Ste. 1700  
Chicago, IL 60604  
Tel. (312) 347-7600 x20  
Fax (312) 347-7604  

FERNANDO NAVARRETE and  
EDUARDO FLORES  


By: /s/ Bradley Manewith  
    Bradley Manewith  

8

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of the attached, Plaintiffs' Memorandum in Opposition to Defendants' Motion to Transfer Venue, was served upon the parties below by electronically filing with the Clerk of the U.S. District Court of the Northern District of Illinois on December 20, 2007.

| | |
|---|---|
| Vincent H. Beckman III | James T. Harrison, Esq. |
| Farmworker Advocacy Project | Harrison Law Offices, P.C. |
| 220 S. State St., Ste. 1700 | 684 S. Eastwood Dr. |
| Chicago, IL 60604 | Woodstock, IL 60098 |

Courtesy copies delivered to chambers of Judge Darrah within 24 hours of filing via hand delivery.

/s/ Bradley Manewith
Attorney for the Plaintiffs