**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FERNANDO NAVARRETE and<br>EDUARDO FLORES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 07 C 6164 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| JQS PROPERTY MAINTENANCE and<br>JOSEPH G. CARPENTER, individually. | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER TO COMPLAINT**

NOW COMES the Defendant, Joseph G. Carpenter, by and through his attorney, James T. Harrison, and for his Answer to the Complaint filed by the Plaintiffs, Fernando Navarrete and Eduardo Flores, states as follows:

1.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA") and the Illinois Minimum Wage Law, 820 Ill Comp. Stat. 105/1 et seq. ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1 et seq. ("IWPCA") for Defendants' failure to pay overtime and other wages to Plaintiffs.

**Answer:**     Paragraph 1 of the Complaint states legal conclusions which require no response.  Paragraph 1 of the Complaint also consists of argument which requires no response.

2.     This Court has jurisdiction of the action under the express provisions of the FLSA, 29 U.S.C. §216(b), and under 28 U.S.C. §1331.  This Court also has supplemental jurisdiction over the Illinois state law claims pursuant to 28 U.S. C. §1367.

**Answer:**       Paragraph 2 of the Complaint states legal conclusions which require no response. Defendant admits that the Court has original jurisdiction to hear claims arising under the Fair Labor Standards Act and Defendant admits that the Court can exercise its supplemental jurisdiction pursuant to 28 U.S.C. §1367.

3.       The unlawful employment practices described herein were committed within the State of Illinois, within the venue of the Northern District of Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. §1391(b).

**Answer:**       The first sentence of paragraph 3 of the Complaint consists of argument which requires no response. Defendant admits that venue is proper in the Northern District of Illinois but denies that the Eastern Division is the appropriate forum within that venue.

4.       Plaintiffs reside and are domiciled within this judicial district.

**Answer:**       Admit.

5.       Plaintiffs are former employees of Defendants.

**Answer:**       Defendant Carpenter admits having employed the Plaintiffs.

6.       Defendant JQS is an Illinois corporation engaged in the landscaping industry. It performs business within this judicial district.

**Answer:**       Defendant Carpenter denies that JQS is an Illinois corporation and admits the remaining allegations of paragraph 6 of the Complaint.

7.       Defendant Carpenter is the President and owner of JQS and is involved in the day-to-day business operations of the Company. Among other things, Defendant Carpenter has the authority to hire and fire employees; direct and supervise the work of

employees; sign on the Company's checking accounts, including payroll accounts; and make decisions regarding employee compensation and capital expenditures.

**Answer:**      Defendant denies that he is the President of JQS and admits the remaining allegations of paragraph 7 of the Complaint.

8.      Plaintiff Navarrete was employed by Defendants from approximately May 16, 2003 through approximately August 25, 2007.

**Answer:**      Defendant admits that Plaintiff Navarrete was seasonally employed by Defendant Carpenter between May 2003 and August 2007.

9.      Plaintiff Flores was employed by Defendants throughout 2003 and 2004, and worked for Defendants for a short period of time in 2007.

**Answer:**      Defendant admits Plaintiff Flores was seasonally employed during 2003 and 2004, and affirmatively states that Plaintiff Flores worked only one day for the Defendant in 2007.

10.      Navarrete worked as a supervisor and landscaper.  In 2003, he received a regular rate of pay of $8.00 per hour, and received a $1 per hour wage increase each year thereafter.  By 2007, Navarrete received a regular rate of pay of $12.00 per hour.

**Answer:**      Admit.

11.      Flores worked as a landscaper.  In 2003 and 2004 he received a regular rate of pay of $8.00 per hour.  In 2007 he worked to receive a regular rate of pay of $10.00 per hour.

**Answer:**      Defendant admits that Flores worked as a landscaper and that he received $8.00 per hour for his wage during 2003 and 2004 and $10.00 per hour for his wage on the single day in 2007 that he worked for the Defendant.

12.     Plaintiffs were routinely directed by Defendants to work, and did work, in excess of forty (40) hour per week while in Defendants' employ, and were not paid overtime for hours in excess of forty (40) per work week.  In addition, Defendants would often only pay Plaintiffs for forty (40) hours or work, even if Plaintiffs worked more than forty (40) hours in one week.

**Answer:**     Deny.

13.     In some pay periods, Defendants failed to pay Plaintiff for any of the work completed.

**Answer:**     Defendant admits withholding Plaintiff Navarrette's last two-weeks of pay in the amount of $960.00 and denies the remaining allegations of paragraph 13 of the Complaint.

14.     Plaintiffs are entitled under the FLSA and IMWL to one and one half times their hourly rate for all hours worked in excess of forty (40) per work week ("overtime").

**Answer:**     Paragraph 14 consists of legal conclusions that require no response. Defendant affirmatively states that the statute speaks for itself.

15.     Plaintiffs are entitled under the FLSA, IMWL, and IWPCA to payment for all hours worked.

**Answer:**     Paragraph 15 of the Complaint states conclusions of law which require no response.  Defendant affirmatively states that the statute(s) speaks for itself.

16.     During the course of their employment with Defendants, Plaintiffs were not paid at the overtime rate for hours worked in excess of forty (40) per week.  Instead, they were paid their regular hourly wage ("straight time") for all hours worked in excess of forty hours per work week, or otherwise were not paid for those hours at all.

**Answer:**     Defendant admits withholding Plaintiff Navarrette's last two-weeks of pay in the amount of $960.00 and denies the remaining allegations of paragraph 16 of the Complaint.

17.     Defendants were aware of the obligation to pay employees for all hours worked and to pay employees overtime pay, and intentionally chose not to pay Plaintiffs accordingly.  Defendants acted in bad faith in failing to compensate Plaintiffs for the work they performed.

**Answer:**     Paragraph 17 of the Complaint consists of argument which requires no response.  To the extent that paragraph 17 of the Complaint asserts any factual matter, Defendant denies same.

## Count I

18.     Paragraphs 1-17 are re-alleged and incorporated as though set forth fully herein.

**Answer:**     Defendant re-alleges as though fully set forth herein, his answers to paragraphs 1-17 of the Complaint as his answers to paragraphs 1-17 of Count I of the Complaint.

19.     This count arises from Defendants' violations of the FLSA, 29 U.S.C. §201 et seq., for their failure to pay overtime wages for all time worked in excess of forty (40) hours in individual work weeks, and for their failure to pay Plaintiffs for all hours worked.

**Answer:**     Paragraph 19 of the Complaint consists of legal conclusions and argument which require no response.  To the extent that paragraph 19 of the Complaint asserts any factual matter: Defendant denies that he failed to comply with the overtime provisions of the Fair Labor Standards Act, Defendant admits withholding Plaintiff Navarrette's last

two-weeks of pay in the amount of $960.00, and Defendant denies the remaining allegations of paragraph 19 of the Complaint.

20.     Pursuant to 29 U.S.C. §216(b), this action may be maintained by Plaintiffs who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 et seq. and 29 U.S.C. §251 et seq.

**Answer:**     Paragraph 20 of the Complaint states a legal conclusion which requires no response.  Defendant affirmatively states that the statute speaks for itself.

21.     Plaintiffs were engaged in job duties and responsibilities integral and indispensable to the operation of Defendants' business, and have been denied proper compensation as required by the FLSA.

**Answer:**     Defendant admits the job duties of the Plaintiffs were integral to the operation of Defendant's business and denies the remaining allegations of Paragraph 21 of the Complaint.

22.     At all relevant times, Plaintiffs were "employees" subject to the FLSA, who were not exempt from the maximum hour provisions of the FLSA, 29 U.S.C. §207.

**Answer:**     Paragraph 22 of the Complaint states legal conclusions which require no response.  Defendant affirmatively states that the statute speaks for itself.

23.     At all relevant times, Defendants were "employers" subject to the FLSA.

**Answer:**     Defendant Carpenter admits he was an "employer" within the meaning of the FLSA.  Defendant Carpenter denies the remaining allegations of paragraph 23 of the Complaint.

24.     Under the FLSA, Plaintiffs were entitled to be paid for all hours that they worked for Defendants.

**Answer:**      Paragraph 24 of the Complaint states a legal conclusion that requires no response.  Defendant affirmatively states that the statute speaks for itself.

25.     Defendants failed to pay Plaintiffs for all hours worked.

**Answer:**      Defendant admits withholding Plaintiff Navarrette's last two-weeks of pay in the amount of $960.00 and denies any remaining allegations of paragraph 25 of the Complaint.

26.     Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiffs worked in excess of forty (40) hours, they was entitled to be compensated at a rate of one and one-half times their normal hourly rate of pay.

**Answer:**      Paragraph 26 of the Complaints consists of a legal conclusion that requires no answer.  Defendant affirmatively states that the statute speaks for itself.

27.     Defendants failed to pay Plaintiffs overtime pay for all hours worked over forty (40) in one work week, in violation of the FLSA.

**Answer:**      Deny.

28.     Defendants knew their obligations under the FLSA, but deliberately chose not to heed them.  Thus, Defendants' failure to pay Plaintiffs for all hours work [sic], and their failure to pay overtime, were intentional violations of the FLSA.

**Answer:**      Paragraph 28 of the Complaint consists of argument which requires no response.  To the extent that paragraph 28 of the Complaint asserts any factual matter, Defendant denies same.

29.     In denying Plaintiffs' compensation for all hours worked and at a rate of one and one-half for time worked in excess of forty hours in a work week, Defendants' acts were not based upon good faith or reasonable grounds.

**Answer:**    Paragraph 29 of the Complaint consists of argument which requires no answer.  To the extent that paragraph 29 of the Complaint asserts any factual matter, Defendant denies same.

30.    As a direct and proximate result thereof, there is due to Plaintiffs back wages and liquidated damages, pursuant to the FLSA.

**Answer:**    Defendant admits that Plaintiff Navarrete is due wages in the amount of $960.00 and denies the remaining allegations of paragraph 30 of the Complaint.

WHEREFORE, Defendant Joseph G. Carpenter prays this Honorable Court grant judgment in his favor and against the Plaintiffs on Count I of the Complaint, and for such other and further relief as the Court deems just and proper.

### Count II

31.    Paragraphs 1-30 are re-alleged and incorporated as though set forth fully herein.

**Answer:**    Defendant re-alleges as though fully set forth herein, his answers to paragraphs 1-30 of the Complaint as his answers to paragraphs 1-30 of Count II of the Complaint.

32.    The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the IMWL, 820 Ill. Comp. Stat. 105/5(a).

**Answer:**    Paragraph 32 of the Complaint consists of argument and legal conclusions which require no answer.  To the extent that paragraph 32 of the Complaint asserts any factual matter, Defendant denies same.

33.    Plaintiffs were employees of Defendants who were not paid overtime wages under the IMWL, 820 Ill. Comp. Stat. 105/1 et seq., during their employment with Defendants.  Plaintiffs bring this action pursuant to 820 Ill. Comp. Stat. 105/12(a).

**Answer:**      Paragraph 33 of the Complaint states legal conclusions which require no response.  To the extent that paragraph 33 of the Complaint asserts any factual matter, Defendant denies same.

34.    At all relevant times herein, Defendants have been "employers" as defined in the IMWL, 820 Ill. Comp. Stat. 105/3(c), and Plaintiffs were employed by Defendants as "employees" within the meaning of the IMWL, 820 Ill. Comp. Stat. 105/1 et seq.

**Answer:**      Paragraph 34 of the Complaint states legal conclusions which require no response.  To the extent that paragraph 34 of the Complaint asserts any factual matter, Defendant admits having employed the Plaintiffs.

35.    Defendants failed to pay Plaintiffs for all hours worked, including but not limited to the entire two weeks at the end of Navarrete's employment with Defendants, and the entire period of time worked by Flores in 2007.

**Answer:**      Defendant admits withholding Plaintiff Navarrette's last two-weeks of pay in the amount of $960.00 and denies the remaining allegations of paragraph 35 of the Complaint.

36.    Pursuant to 820 Ill. Comp. Stat. 105/4(a), for all weeks during which Plaintiffs worked in excess of forty hours, Plaintiffs were entitled to be compensated at one and one-half times their normal hourly rates of pay for their excess hours.

**Answer:**      Paragraph 36 of the Complaint states a legal conclusion which requires no response.

37.    Defendants failed to pay overtime wages to Plaintiffs for all hours worked in excess of forty per work week, at the rate of one and one-half times their regular rates of pay.

**Answer:**    Deny.

38.    Defendants violated the maximum hours provision of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/4(a), by refusing to compensate Plaintiffs at one and one-half times their normal hourly rates of pay for all hours worked in excess of forty hours per week.

**Answer:**    Paragraph 38 of the Complaint consists of argument which requires no response.  To the extent that paragraph 38 asserts any factual matter, Defendant denies same.

39.    Pursuant to 820 Ill. Comp. Stat. 105/12(a), Plaintiffs are entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

**Answer:**    Paragraph 39 of the Complaint states legal conclusions which require no response.  To the extent that paragraph 39 of the Complaint asserts any factual matter, Defendant denies same.

WHEREFORE, Defendant Joseph G. Carpenter prays this Honorable Court grant judgment in his favor and against the Plaintiffs on Count II of the Complaint, and for such other and further relief as the Court deems just and proper.

### Count III

40.    Paragraphs 1-39 are re-alleged and incorporated as though set forth fully herein.

**Answer:**    Defendant re-alleges as though fully set forth herein, his answers to paragraphs 1-39 of the Complaint as his answers to paragraphs 1-39 of Count III of the Complaint.

41.    This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §1367 and venue is proper in this judicial district.

**Answer:**    Paragraph 41 of the Complaint states legal conclusions which require no response.  Defendant admits that the Court has jurisdiction to hear Plaintiffs' state-law claims pursuant to 29 U.S.C. §1367.    Defendant admits that venue is proper in the Northern District of Illinois but denies that the Eastern Division is the proper forum within the venue.

42.    At all relevant times hereto, Plaintiffs worked for Defendants.

**Answer:**    Defendant admits Plaintiffs worked for Defendant Carpenter and denies the remaining allegations of paragraph 42 of the Complaint.

43.    At all relevant time herein, Defendants were "employers" as defined in the IWPCA, 820 ILCS 115/1 et seq., and Plaintiffs were "employees" within the meaning of the IWPCA.

**Answer:**    Paragraph 43 of the Complaint states legal conclusions which require no response.  To the extent that paragraph 43 of the Complaint asserts any factual matter, Defendant admits having employed the Plaintiffs.

44.    Defendants agreed to compensate Plaintiff Navarrete for his work at a rate of $8.00 per hour in 2003, $9.00 per hour in 2004, $10.00 per hour in 2005, $11.00 per hour in 2006, and $12.00 per hour in 2007 – the hourly rates agreed to by the parties.

**Answer:**    Admit.

45.    Defendants agreed to compensate Plaintiff Flores $8.00 per hour in 2003 and 2004, and $10.00 per hour in 2007 – the hourly rates agreed to by the parties.

**Answer:**    Admit.

46.     Defendants failed to compensate Plaintiff for all hours worked, including but not limited to the entire two weeks at the end of Navarrete's employment with Defendants, and the entire period of time worked by Flores in 2007, in violation of the IWPCA.

**Answer:**     Defendant admits withholding Plaintiff Navarrette's last two-weeks of pay in the amount of $960.00 and denies the remaining allegations of paragraph 46 of the Complaint.

47.     Plaintiff have been damaged by Defendants' failure to pay Plaintiffs for all hours worked.

**Answer:**      Defendant admits that Plaintiff Navarrete is due wages in the amount of $960.00 and denies the remaining allegations of paragraph 47 of the Complaint.

WHEREFORE, Defendant Joseph G. Carpenter prays this Honorable Court grant judgment in his favor and against the Plaintiffs on Count II of the Complaint, and for such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### Defendant's First Affirmative Defense
### (Failure of Consideration)

At no times relevant hereto, did Plaintiffs Navarrete and/or Flores work more than forty (40) hours in a work week.

### Defendant's Second Affirmative Defense
### (Payment)

1.     Plaintiff Flores was paid for all hours worked and was paid an hourly wage of $10.00 per hour for the single eight hour day that he worked for Defendant Carpenter in 2007.

2.      Except for Plaintiff Navarrete's last two-weeks of pay, in the amount of $960.00, Plaintiff Navarrete was paid for all hours worked.

3.      Plaintiffs received payments in addition to their hourly rate of pay.

4.      While employed full-time by the Defendant Carpenter, Plaintiffs were paid their hourly wage for 40 hours per week whether they worked 40 hours or less than 40 hours in a week.

**Defendants' Third Affirmative Defense**
**(Good Faith)**

At all times relevant hereto, Defendant Carpenter acted in good faith with regard to the compensation of the Plaintiffs and not in willful violation of the Fair Labor Standards Act.

**Defendants' Fourth Affirmative Defense**
**(Statute of Limitations)**

1.      Plaintiffs' claims prior to October 31, 2005 are barred by the two-year statute of limitations applicable to the FLSA.  29 U.S.C. §255(a).

2.      Plaintiffs' claims prior to October 31, 2004 are barred by the three-year statute of limitations applicable to the FLSA.  29 U.S.C. §255(a).

3.      Plaintiffs' claims are barred by the applicable statutes of limitations.

**Defendants' Fifth Affirmative Defense**
**(Laches)**

Plaintiffs' claims are barred by the doctrine of laches.

Respectfully submitted,

/s/ James T. Harrison

Attorney at Law

Harrison Law Offices, P.C.
684 S. Eastwood Drive
Woodstock, IL 60098
(815) 338-7773
(815) 338-7738 Fax
Atty. No. 06207020