UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FERNANDO NAVARRETE and<br>EDUARDO FLORES, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 07 C 6164<br>)<br>) Judge John W. Darrah |
| JQS PROPERTY MAINTENANCE and<br>JOSEPH G. CARPENTER, individually. | )<br>)<br>) |
| Defendants. | ) |

**REPLY MEMORANUM IN SUPPORT
OF MOTION TO TRANSFER VENUE**

Defendant, Joseph G. Carpenter, by and through his attorney, James T. Harrison, submits this *Reply Memorandum in Support of Motion to Transfer Venue*. For the reasons set forth below and the reasons set forth in Defendant's *Memorandum in Support of Motion to Transfer Venue,* the Motion to Transfer Venue must be granted.

**I.   INTRODUCTION**

Plaintiffs have filed their action to recover alleged unpaid overtime and other wages in the Eastern Division of the Northern District of Illinois. Defendant, Joseph G. Carpenter, filed a motion to transfer the venue to the Western Division of the Northern District of Illinois based on the fact that the parties, witnesses and evidence are all located in McHenry County. Plaintiffs have filed *Plaintiffs' Memorandum in Opposition to Defendants' Motion to Transfer Venue* ("Plaintiffs' Memorandum"). The instant document is Defendant's *Reply Memorandum in Support of Motion to Transfer Venue* and addresses those points raised in Plaintiffs' Memorandum.

**II.   ARGUMENT**

1

### A.     The Motion to Transfer Venue Is Backed With Evidence.

Citing to <u>Celotex Asbestos Settlement Trust v. International Insurance Co.</u>, 1999 U.S. Dist. LEXIS 6531 (N.D. Ill. 1999), Plaintiffs argue in the first instance that a party is required to submit affidavits or other evidence in support of a motion to transfer venue, or the motion will be denied.  Plaintiffs' Memorandum, p. 2.  In this instance, Defendant provided "other evidence" in his verified answer to the complaint.  Additionally, the <u>Celotex</u> court did not deny the motion to transfer venue on the basis that there was no affidavit.  Rather, the party moving for the transfer had otherwise failed to meet its burden of showing that Florida was a better forum for the litigation than Illinois.  <u>Celotex</u>, 1999 U.S. Dist. LEXIS 6531 at *7.

Here, the Answer to the Complaint is verified.  Accordingly, by token of its verified answer Defendant has on record evidence of the following:  (a) Plaintiffs reside and are domiciled in this judicial district.  Answer, ¶ 4; (b) Defendant JQS performs business within this district. Answer, ¶ 6; (c) Defendant Carpenter directs and supervises the work of the employees, signs the Company's checking accounts, including payroll accounts and makes the decisions regarding employee compensation in this district.  Answer, ¶ 7.  Accordingly, Defendant's pleadings have provided "other evidence" in support of the motion to transfer venue.  Regardless, attached hereto and incorporated herein as Exhibit 1 is the affidavit of Joseph Carpenter ("Ex. 1") which attests to the factual allegations in support of the Motion to Transfer Venue.

### B.     The Western Division Is Clearly More Convenient.

Defendants argue that "a case should only be transferred if the transferee court is clearly more convenient than the transferor court." Plaintiffs' Memorandum, p. 3.  As it is

demonstrated below, the transferee court is more convenient than the transferor court, and the motion to transfer venue should be granted.

### 1. The Plaintiff's Choice of Forum Is Not the Controlling Factor.

Plaintiffs argue with no citation to authority that their choice of forum "should be given equal weight as the other factors, and should supersede the preference of the Defendants. . . . " Plaintiffs' Memorandum, p. 3. Plaintiffs conveniently ignore that their choice of a forum is entitled to less consideration "when the chosen forum lacks any significant connection with the cause of action." Simes v. Jackson Nat'l Life Insurance Co., 2005 U.S. LEXIS 21352 (N.D. Ill. 2005). While Plaintiffs argue that not all material events occurred in McHenry County (Plaintiff's Memorandum, p. 4), the only events they allege occurred in Lake County was traveling to Lake County to purchase supplies for various landscaping jobs. ¶ 5 of Ex. A and Ex. B, attached to Plaintiffs' Memorandum.

First of all, these events are not material since they do not pertain to the actual work of JQS Property Maintenance performed by the Plaintiffs, which is the performance of lawn mowing services. ¶ 3 of Ex. 1, attached hereto. It was not a job responsibility of the Plaintiffs "to pick up supplies for Defendants' landscaping jobs," nor would they "often travel to Wauconda, Illinois to buy certain supplies." See ¶8 of Ex. 1, attached hereto. Rather, once or twice a year, Plaintiffs would ride with Defendant Carpenter when Carpenter drove to either Wauconda or Volo for Carpenter to pick up supplies. Id.

Accordingly, while the situs of material events is a factor the court will look at, the events have to be material to influence the court's decision. Here, riding with Carpenter to Lake County for equipment or supplies once or twice a year is merely incidental to Plaintiffs' job responsibilities which remain the performance of lawn

3

mowing services; furthermore, Plaintiffs' services were provided in McHenry County. Id.

    2.    **The Ease of Access to Sources of Proof Lies in McHenry County.**

Plaintiffs argue that the availability of evidence in each forum is not important; it is the "ease of access to sources of proof." Plaintiffs' Memorandum, p. 4. Plaintiffs simply ignore the case law that says that courts will look to the availability of evidence in each forum in deciding a motion to transfer venue. Avco Corp. v. Progressive Steel Treating Co., 2005 U.S. Dist. LEXIS 22964, 5 (N.D. Ill. 2005). In any event, even if the standard were the "ease of access to sources of proof," the sources of proof are more easily accessible in McHenry County where they are located. ¶¶ 3 and 4 of Ex. 1, attached hereto. Here, the parties, business, witnesses, customers, business and financial records are all located in McHenry County ~ in the Western Division.

    3.    **The Parties and Witnesses Are Located in McHenry County.**

Plaintiffs argue that Chicago is more convenient to witnesses in Cary, McHenry, and Crystal Lake. This argument simply ignores that fact that <u>all</u> these towns and the witnesses in them are contained within McHenry County (¶ 5 of Ex. 1, attached hereto) and thus in the Western Division. Not only are the witnesses in McHenry County, the parties – both sides – are also in McHenry County. ¶¶ 2 and 7 of Ex. 1, attached hereto; see also Plaintiff's Complaint. Consequently, the Western Division is the more appropriate forum.

    4.    **Material Events Did Not Occur in the Eastern Division.**

Plaintiffs would have us believe that "material events occurred in both the Eastern and Western Divisions". Plaintiffs' Memorandum, p. 5. However, the only alleged

4

"material" event that occurred in the Eastern Division was the alleged purchasing of materials in Wauconda. ¶ 5 of Ex. A and Ex. B, attached to Plaintiffs' Memorandum. However, those rare instances are not "material" events.

### C.  THE PUBLIC INTERESTS FAVOR McHENRY COUNTY.

Plaintiffs argue that processing of the case will not proceed as quickly in the Western Division as it would in the Eastern Division because there are more judges and magistrate judges to handle the cases in the Eastern Division.  This argument suggests forum shopping by Plaintiffs rather than compliant submission to the normal divisional filing procedures.  Whether the Eastern or Western Division would result in more or less delay is pure speculation on Plaintiffs' part.

Plaintiffs argue that transferring the case to the Western Division will result in delay in discovery and, in turn, in delay in trial-related deadlines.  Plaintiffs' Memorandum, p. 6.  Defendant brought the instant motion prior to the time to answer to address the venue issue at the earliest possible opportunity.  Hence no prejudicial delay would result from transfer of the case to a more appropriate venue.  Furthermore, because the court has already set a deadline for Rule 26 disclosures despite the pending motion to transfer venue, Plaintiff's argument rings hollow.  There has been no delay here.

Plaintiffs assert that the third factor in analyzing the "public interests" is "the relation of the community to the occurrence and the desirability of resolving the controversy in its locale." Plaintiffs' Memorandum, p. 5.  The community with the most relation to the occurrence is McHenry County where the material events occurred, where the Plaintiffs and Carpenter lived, where Carpenter owned and operated JQS Property

Maintenance, and where lawn mowing services were performed. Ex. 1, attached hereto. Simply put, the Eastern District has no relation to the occurrences at issue.

Plaintiffs argue, without citation to authority, that their "choice of venue reflects the interests of the communities served by this type of litigation." Plaintiffs' Memorandum, p. 7. However, "the interests of the communities served by this type of litigation" is not a factor recognized by the courts for determining a motion to transfer. Moreover, Plaintiffs' assertion that '[t]he population of communities served by the Eastern Division vastly outnumbers that of those served by the Western Division" is irrelevant. The issue is "what community is related to the occurrence", not "what community will be best served by the litigation." The community related to the occurrence is McHenry County ~ the Western Division.

Finally, another aspect of the "public interest" is the desirability of resolving the controversy in its locale. Plaintiffs' Memorandum, p. 5. As demonstrated above and in Defendant's *Memorandum in Support of Motion to Transfer Venue*, the locale of the controversy is McHenry County – the Western Division – where the material events occurred. Ex. 1, attached hereto. The applicable standard for determining venue is <u>not</u> that venue is proper "where the Farmworker Advocacy Project ("FAP") is located" or "where the majority of FAP's workers may assist migrant workers in asserting their claims." Plaintiffs' Memorandum, p. 7. This argument merely restates Plaintiff's proposition that the proper venue for Plaintiff's complaint should be where it is most convenient for Plaintiffs' counsel, an inappropriate consideration for determining venue.

### III.  CONCLUSION

6

At all relevant times, Carpenter lived on Route 14 in the County of McHenry, Illinois. At all relevant times, Carpenter owned and operated JQS Property Maintenance out of his home in McHenry, Illinois. JQS Property Maintenance performs lawn mowing services in McHenry County. The lawn mowing services performed by Plaintiffs were provided to customers in McHenry County. Thus, all relevant witnessed are located in McHenry County, Illinois. At the time of their employment and at the time of their filing the instant Complaint, both Plaintiffs resided in the city of Harvard, McHenry County, Illinois. All payroll records relating to Plaintiffs' employment are located through Carpenter's business/residence address in McHenry County, Illinois. Ex. 1, attached hereto. The matter manifestly belongs in the Western Division where McHenry County is located.

WHEREFORE, for all the foregoing reasons, Defendant Joseph Carpenter respectfully prays this Honorable Court grant his motion to change venue and order the case transferred to the United States District Court for the Northern District of Illinois, Western Division, and for such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

"s/James T. Harrison"
Attorney at Law

Harrison Law Offices, P.C.
684 S. Eastwood Drive
Woodstock, IL 60098
(815) 338-7773
(815) 338-7738 (Fax)
Attorney No. 06207020

7