UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FERNANDO NAVARRETTE and <br> EDUARDO FLORES, <br><br> Plaintiffs, <br><br> v. <br><br> JQS PROPERTY MAINTENANCE and <br> JOSEPH G. CARPENTER, individually, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 07 C 6164 <br> ) <br> ) Judge John W. Darrah <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Fernando Navarrette and Eduardo Flores, filed suit against Defendants, JQS Property Maintenance ("JQS") and Joseph G. Carpenter. Plaintiffs' Complaint alleges a violation of the Fair Labor Standards Act (Count I), a violation of the Illinois Minimum Wage Law (Count II), and a violation of the Illinois Wage Payment and Collection Act (Count III). Presently before the Court is Defendants' Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a).

### BACKGROUND

A reading of the Complaint and other materials submitted by the parties supports the following summary of the allegations and facts necessary to determine venue.

Joseph G. Carpenter is the president and owner of JQS, an Illinois corporation engaged in the landscaping industry. Carpenter resides in Woodstock, Illinois, located in McHenry County. Carpenter operates the day-to-day business operations of JQS at that

same address. This address is approximately 70 miles from Chicago, Illinois, and 35 miles from Rockford, Illinois. All customers of JQS are in McHenry County. McHenry County is within the Western Division of the Northern District of Illinois.

Navarrette and Flores both reside in Harvard, Illinois, located in McHenry County. Navarrette was employed by JQS from approximately May 16, 2003 through August 25, 2007. Flores was employed by JQS throughout 2003 and 2004 and for a short period of time in 2007. Both Navarrette's and Flores' primary job responsibilities were performing landscaping work for JQS customers in McHenry County.

Navarrette and Flores would pick up supplies for landscaping jobs in Wauconda, Illinois, located in Lake County. Lake County is within the Eastern Division of the Northern District of Illinois. The parties dispute how often these supply pickups were made and whether Carpenter was present when the supply pickups were made.

The majority of the expected witnesses, if not all, reside in McHenry County. The only witnesses that may reside in Lake County are any employees of the supply shop located in Wauconda, Illinois.

## ANALYSIS

JQS moves for the transfer of this action to the Western Division of the Northern District of Illinois, pursuant to 28 U.S.C. § 1404.

A district court may transfer a civil action to any district or division where the case may have been brought "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). A transfer is proper if: (1) venue is proper in both the transferee and transferor courts; (2) it is for the convenience of the parties or witnesses; and (3) it is in the interest of justice. *Law Bulletin Publishing Co. v. LRP Publications,*

*Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998) (*Law Bulletin*). District courts have broad discretion in the interpretation and weighing of these factors; and the movant bears the burden of establishing, by reference to particular circumstances, that the alternative forum is clearly more convenient. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-220 (7th Cir. 1986) (*Coffey*).

In the case at bar, the parties do not dispute that venue and jurisdiction are proper in either division; they disagree only on whether the Eastern or Western Division is a more appropriate forum. Therefore, the relevant factors are the convenience of the parties or witnesses and the interests of justice.

In evaluating the convenience of the parties and of the witnesses, the court considers five factors: (1) the plaintiff's initial forum choice, (2) the convenience of the witnesses, (3) the relative ease of access to other evidence, (4) the situs of material events, and (5) the relative convenience of the parties in litigating in the respective forums. *Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 902 (N.D. Ill. 2001) (*Plotkin*); *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000) (*Amoco*); *Georgouses v. Natec Resources, Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997) (*Georgouses*).

In general, the plaintiff's choice of forum is entitled to substantial weight, particularly where it is the plaintiff's home forum. *Plotkin*, 168 F. Supp. 2d at 902; *Vandeveld v. Cristoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995) (*Vandeveld*). However,

3

where the plaintiff's choice of forum has a relatively weak connection with the operative facts giving rise to the claim, the deference traditionally given to that selection is lessened. *Plotkin*, 168 F. Supp. 2d at 902; *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 831 (N.D. Ill. 1999); *Von Holdt v. Husky Injection Molding Systems, Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995).

Here, Naverrette and Flores filed the instant action in the Eastern Division of the Northern District of Illinois. However, according to the pleadings, both Naverrette and Flores reside in the Western Division of the Northern District of Illinois. Because Plaintiffs' home forum is not the forum in which they filed suit, their choice of forum is given less weight; but this factor still weighs slightly against transfer.

In considering the convenience of the witnesses, the party seeking transfer must specify the key witnesses to be called and establish the nature and quality of their testimony with respect to the issues in the case to warrant the case's transfer. *Vandeveld*, 877 F. Supp. at 1167-68. Here, Defendants aver generally that the relevant witnesses reside in McHenry County and conclude that it would be more convenient for the witnesses if the case were in the Western Division. Plaintiffs do not dispute this. Thus, this factor weighs in favor of transfer.

Next, the relative ease of access to sources of proof weighs minimally, if at all, in favor of transfer. Carpenter states that all business records are kept at his home, where he operates his business, in McHenry County. However, Carpenter's home in McHenry County is approximately 70 miles from the Eastern Division and 35 miles from the

Western Division. Thus, the sources of proof are equally accessible in either forum, although slightly more convenient in the Western Division. Thus, this factor weighs slightly in favor of transfer, if at all.

As to the situs of the material events, it appears that the majority of the relevant events that gave rise to the action occurred in McHenry County, in the Western Division of the District. The only events that allegedly occurred in the Eastern Division of this District are the trips to Lake County to obtain supplies. Based on the pleadings and other papers, these trips seem to have minimal, if any, relevance to the nature of the suit. Therefore, this factor weighs in favor of transfer.

In considering the relative convenience to the parties, the court may consider where the parties reside and their respective abilities to bear the expense of a trial in a particular forum. *Heller Financial, Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1130 (N.D. Ill. 1989); *APV North America, Inc. v. Transindustrial Development Co.*, No. 05 C 2936, 2006 WL 51169 at *6 (N.D. Ill. Jan. 3, 2006) (*APV*). As previously noted, all parties reside in McHenry County; however, Plaintiffs obviously believed the Eastern Division was more convenient for them and, at a minimum, indicate their ability to bear the expense of a trial in the Eastern Division. On the other hand, Carpenter indicates he would be subject to increased travel expenses and missing work if the case were to be tried in the Eastern Division. However, the increased travel expenses are minimal; and if the case goes to trial, Carpenter will miss work to attend the trial in whichever forum the case is heard. Therefore, the convenience-of-the-parties factor is neutral in the present case.

Finally, the analysis of the interests of justice focuses on the efficient administration of the court system, as opposed to the private consideration of the litigants. *Amoco*, 90 F. Supp. 2d. at 961. This requires considering: (1) the relative familiarity of the courts with the applicable law, (2) the relation of the respective forums with the issue in the case, and (3) the relative congestion of the court dockets. *Amoco*, 90 F. Supp. 2d at 961; *Georgouses*, 963 F. Supp. at 730. However, this factor "is given less weight in the case of an intra-district transfer." *Clear Channel Outdoor, Inc., v. Rubloff Oakridge Algonquin, L.L.C.*, N0. 03 C 3063, 2003 WL 22382999, at *3 (N.D. Ill. Oct. 16, 2003).

Here, both the Eastern and Western Divisions are familiar with the applicable federal and state laws to be applied. As to the relation of the respective forums with the issues in the case, the Defendants' business is located in the Western Division. Finally, both divisions are equally capable of resolving the case.

On balance, the above factors weigh in favor of transferring the cause of action to the Western Division of the Northern District of Illinois.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Transfer Venue is granted. The case is transferred to the Western Division of the Northern District of Illinois.

Dated: January 29, 2007

JOHN W. DARRAH
United States District Court Judge